## Franklin County Court.

April, 1898.

# PEOPLE EX REL. SALOOM v. EDGAR A. WHITNEY.

POLICE JUSTICE—JURISDICTION.

   A justice of the peace has no authority to try a charge for a misde‧ meanor committed within a village, when there is a police justice having ability to act thereon, although he may issue a warrant for the same.·

Habeas corpus to obtain a discharge from imprisonment under a conviction of a justice of the peace of the town of Malone for a criminal assault committed in the village of Malone.

R. M. Moore, for relator.

Frederick G. Paddock, District Attorney, for defendant.

BEMAN, J.—The jurisdiction of justices of the peace in the several towns in this state extends over the entire territory of the towns in which they are respectively elected to such office, and such officials have criminal jurisdiction within such territory, as is provided by law (Code Cr. Proc. §§ 56, 62, 147, 156), and may issue warrants for the arrest of any persons charged with the commission of any crime within the boundaries of their respective counties. The office of justice of the peace is created by the Constitution (article 6, § 17). The powers and duties conferred and devolving upon such justices of the peace are vested in them through legislative enactments, and the legislature has authority, without conflicting with the provisions of the Constitution, to limit, restrict, or curtail such authority as is now vested in such justices of the peace, according to law. The legislature has authority, also, to create municipal corporations, and to provide laws for their government. To that end it has authority to define their limits, and to create the office of magistrate or police justice, to be elected within such corporate limits, and to define their powers and duties. The legislature of the state of New York has created a municipal corporation known as "Malone Village," and a police court has been es-

tablished, and a police justice elected therein, under like author-
ity. At the time of the issuing of the warrant for the arrest of
the relator, his arraignment, trial, and conviction before the
magistrate, there existed a police court and an acting police jus-
tice within said corporate limits of Malone village, having juris-
diction of the offense with which the relator was charged. By
and under the authority of Laws 1897, c. 414, §§ 180, 182, the
police justice of said Malone village had exclusive jurisdiction
to hear, try, and determine the complaint and charge laid
against the relator before the magistrate convicting him. The
warrant for the arrest of the relator, when issued, should have
been made returnable before such police justice ; and the exer-
cise of any authority or jurisdiction over the defendant, or the
proceedings against him, beyond the issuing of such warrant,
was contrary to the statute in such case made and provided,
and above cited. Hence it may be clearly seen that the con-
viction, sentence, and imprisonment of the relator were contrary
to sections 180 and 182 of the above cited statute, and were
without authority of law.

After carefully reading such cases as have been cited by
counsel upon the argument of this matter, and especially the
case of People v. Howland, reported in 17 App. Div. 165, 45
N. Y. Supp. 347, and recently affirmed by the court of appeals
(155 N. Y. 270, 49 N. E. 775), where it is held that, while the
legislature has not the authority to abolish the office of justice
of the peace in towns by direct legislation, still it holds that the
legislature has authority to limit or alter the jurisdiction of such
officer or abolish the town organization altogether. Gertum v.
Board, 109 N. Y. 170, 16 N. E. 328. The decision of the court
in the above case arises from an entirely different condition of
facts, and propositions presented to the court in that case are
not involved in this. That decision does not in any manner
question or impugn the constitutionality of chapter 414 of the
Laws of 1897 as to the authority conferred upon a police justice
acting within the corporate limits of the village in which he is
elected, and limiting the jurisdiction and authority of justices of
the peace in towns where like municipal corporations exist.
With these views, I am clearly of the opinion that a justice of the

peace within the town of Malone has no authority to hear, try, or determine a charge for a criminal offense committed in the village of Malone, where there is a police justice present in said village, having the ability to act as such.

The writ should be sustained, and the prisoner discharged. It is so ordered.

Ordered accordingly.